UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert K. Ross, | ) C/A No. 6:11-1323-HFF-KFM |
| Petitioner, | ) |
| vs. | ) **Report and Recommendation** |
| John R. Owen, Warden, | ) |
| Respondent. | ) |

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 has been submitted to the Court *pro se* by a federal prison inmate. Pursuant to 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) DSC, this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

## Factual Background

Petitioner is a federal prisoner, currently incarcerated at FCI-Williamsburg in Salters, South Carolina. In his § 2241 Petition, he asks this Court to vacate a Federal Bureau of Prisons (BOP) directive that he pay $101.00 from his inmate account to pay off a balance remaining on the fine portion of the judgment of conviction and sentence issued in November 1994 in a federal criminal case in Western District of North Carolina (the old fine). *See United States of Am. v. Ross*, Case No. 4:93-CR-10 (WDNC). In that case, Petitioner was ordered to pay a $1200.00 fine, and the court stated: "If the fine is not paid, the court may sentence the defendant to any sentence which might have been originally

imposed. *See* 18 U.S.C. § 3614." *Id.*, judgment 4. The court also noted that the fine was "below the guideline range because of the defendant's inability to pay." *Id.* at 6.

Petitioner objects to the BOP's directive because he claims that he "was in fact released on June 30, 1998 under case No. : 4:93-CR-10 with no further obligation." He further alleges that he successfully served three years of probation on that case with no mention of any remaining balance due on the old fine. Additionally, Petitioner asserts that BOP had no authority to direct him to pay the old fine because no mention was made of any balance due on the fine portion of the 1994 judgment when the same federal district court in North Carolina set up his fine and restitution obligations in connection with the judgment of conviction and sentence on which he is currently incarcerated. *United States v. Ross*, criminal case no. 1: 07-CR-117-001(WDNC)(restitution: $106.40 and $100 assessment, payable equal monthly payments of $50 starting 60 days after release from prison). In its response to Petitioner's administrative remedy efforts, BOP stated that it had authority under its Inmate Financial Responsibility Program (IFRP), BOP Program Statement 5380.08, to go to the Western District of North Carolina and question whether or not the old fine had been fully paid. Petitioner says it did not have such authority because only the sentencing judge may set payment schedules, and he wants his money back.

### *Pro Se* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case. This Court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those

2

drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003). The requirement of liberal construction however does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). Following the required initial review, the § 2241 Petition submitted in this case should be summarily dismissed.

## Analysis

The essence of Petitioner's "manner of execution of sentence" claim is that BOP Program Statement 5380.08 regarding the IFRP is being unlawfully applied to him with regard to the $101.00 balance remaining on the old fine order. It is settled that a petition under 28 U.S.C. § 2241 may be used to contest the execution of the sentence. *United States v. Miller*, 871 F. 2d 488, 490 (4th Cir. 1989); *see United States v. Childs*, 126 F. App'x 96 (4th Cir. 2005)(unpublished)(challenge to implementation of criminal fines does not seek release from custody, thus arises under § 2241 not 28 U.S.C. § 2255). To the extent Petitioner contests the requirement that he pay off the remaining old fine balance through the IFRP during his current sentence that resulted from a different criminal case (case no. 1: 07-CR-117-001), his challenge under 28 U.S.C. § 2241 is proper as a challenge to the manner of execution of his sentence, even though he cannot prevail.

3

With regard to Petitioner's assertion that only a judge may set "a schedule" for payment of fines, 18 U.S.C. § 3572(d) provides in pertinent part: "A person sentenced to pay a fine or other monetary penalty, including restitution, shall make such payment *immediately* ... unless the court establishes another schedule." The final judgment of conviction and sentence issued in criminal case no. 1: 07-CR-117-001 established a schedule for payment of the restitution assessed in that case not beginning until after Petitioner gets out of prison. That judgment references only the amount of restitution ordered *in that particular case*. No mention is made of any outstanding balance from any of Petitioner's older cases. (ECF No. 9, attach. 2). In light of these facts, Petitioner argues that BOP is precluded from setting its own payment schedule for the old fine balance because the District Judge who presided over criminal case no. 1: 07-CR-117-001 (on which Petitioner is currently incarcerated) did not explicitly incorporate the remaining fine balance from criminal case no. 93-CR-10 into the restitution order he entered. However, as § 3572(d) states, in absence of an established payment schedule, the amount of fine owed is payable "immediately." In fact, review of the actual judgment of conviction and sentence entered in criminal case no. 93-CR-10 discloses that the sentencing judge specifically made the payment of the assessed fine "due immediately." Criminal case No. 4:93-CR-10 (WDNC), judgment 1. Therefore, because the old fine balance is still owed, but is not included in the payment schedule established in criminal case no. 1:07-CR-117-001, the old fine is due "immediately."

The Fourth Circuit, in an unpublished opinion, has held that when a fine (treated essentially the same as restitution by BOP) is payable immediately, the BOP has discretion to place an inmate in the IFRP payment plan. *Coleman v. Brooks*, 133 F. App'x 51, at \*\*2

4

(4th Cir. 2005)(relying on *Matheny v. Morrison*, 307 F.3d 709, 711 (8th Cir. 2002)). Moreover, the majority of the Circuits have upheld the BOP's authority to implement the IFRP in the face of various challenges. *See, e.g.*, *Johnpoll v. Thornburgh*, 898 F.2d 849, 851 (2d Cir. 1990) (holding that the BOP has authority to implement the IFRP); *James v. Quilan*, 866 F.2d 627, 631 (3d Cir. 1989) (holding that the IFRP does not deprive inmates of their due process rights); *United States v. Watkins*, 161 F. App'x 337 (4th Cir. 2006) (unpublished) (holding that the BOP placement of an inmate in the IFRP is not an impermissible delegation of authority); *Durham v. Hood*, 140 F. App'x 783, 785 (10th Cir. 2005) (unpublished) (holding that the BOP has authority to set payment schedules under IFRP); *Bramson v. Winn*, 136 F. App'x 380, 381 (1st Cir. 2005) (unpublished) (holding that the BOP may use the IFRP to collect court-ordered payments that are due immediately). The applicable law, therefore, supports a finding that the BOP has the authority to place Petitioner in the IFRP and to order that he pay off any existing and valid fine that is due immediately. Accordingly, *if the fine at issue is valid*, then the BOP's placement of the amount due on the old fine in the IFRP for Petitioner to pay off is a proper execution of his sentence.

Petitioner contends that the old fine is no longer valid because he fully "discharged" his sentence in criminal case no. 4:93-CR-10 by serving both the incarcerative and probationary periods required under it. Petitioner is not claiming that he fully paid the court-ordered old fine. Instead, in addition to claiming that any balance still owed under the fine portion of the sentence was "paid off" by his serving of time on the sentence, Petitioner claims that because the sentencing order in his most recent criminal case in the

5

Western District of North Carolina, criminal case no. 1: 07-CR-117-001, did not mention the previously ordered fine, he is no longer subject to the fine portion of the original sentence. Both of these contentions are without merit.

Under 18 U.S.C. § 3613(b), the liability to pay a fine terminates 20 years from the entry of judgment or 20 years after the release from imprisonment, whichever occurs later. There is nothing in the Petition in this case indicating that the judgment of conviction and sentence in criminal case no. 93-CR-10 that set the amount of the fine owed by Petitioner was ever corrected, modified, appealed, amended, or adjusted. However, even if that were the case, the old fine ordered would still be due and payable since the applicable statute indicates that procedural changes in other aspects of the sentence would not affect the validity of the fine ordered. 18 U.S.C. § 3664(o)(1)(A)-(D). Moreover, re-sentencing a defendant does not alter the finality of an order for a fine or restitution. 18 U.S.C. § 3664(o)(2).

Review of the Western District of North Carolina's and the Fourth Circuit Court of Appeals' dockets discloses that the final judgment of conviction and sentence in criminal case no. 93-CR-10 that set the amount of fine to be paid was never invalidated by the sentencing court nor reversed on appeal and is still valid. *See Colonial Penn Ins. Co. v. Coil*, 887 F. 2d 1236, 1239 (4th Cir. 1989) (federal courts may take judicial notice of proceedings in other courts if those proceedings have a direct relation to matters at issue). On May 8, 2005, before even receiving an appellant's brief or entering any opinion on the merits, the Fourth Circuit Court of Appeals granted Petitioner's own motion to dismiss the direct appeal that he filed from criminal case no. 93-CR-10. *United States v. Ross*, Appeal No. 94-5870 (4th Cir. May 8, 1995). Although there are other appeals by Petitioner showing

on the Fourth Circuit's docket, none reference criminal case no. 93-CR-10, indicating that no court ever invalidated any part of the judgment of conviction and sentence. In short, this Court cannot find any evidence to support Petitioner's allegation that he ever fully discharged the old fine. Accordingly, because the outstanding balance on the fine portion of Petitioner's judgment of conviction and sentence in criminal case no. 93-CR-10 is still valid, owing, and immediately due nearly 17 years after the judgment was entered, the BOP had full authority to include it in the IFRP applicable to Petitioner's current sentence. *See Elwood v. Sanders*, No. 2:06CV00224 WRW/BD, 2007 WL 1579990 (E.D. Ark. May 31, 2007 ).

## **Recommendation**

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed *without prejudice*.

Petitioner's attention is directed to the important notice on the next page.

s/ Kevin F. McDonald
United States Magistrate Judge

August 29, 2011
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.,* 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk**
> **United States District Court**
> **300 E. Washington Street, Rm. 239**
> **Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).